IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRENT HOLDRIDGE, | § | |
| Plaintiff, | § § § | |
| v. | § § | |
| TRICORBRAUN, INC., | § § | |
| Defendant. | § § | |
| TRICORBRAUN INC., | § § | |
| Counter & Third Party Plaintiff, | § § | Civil Action No. 4:13-cv-00355-RC-ALM |
| v. | § § | |
| BRENT HOLDRIDGE, | § § | |
| Counter Defendant, | § § § | |
| RIEKES PACKAGING CORPORATION, | § § | |
| Third Party Defendant. | § § § § | |

## **AGREED INJUNCTION**

On March 21, 2013, Brent Holdridge ("Holdridge") filed his Original Complaint and Request for Expedited Declaratory Judgment against Defendant TricorBraun Inc. ("TricorBraun"). TricorBraun filed a Motion to Dismiss for improper venue or for failure to state a claim and on June 26, 2013, an Order was entered transferring this case to its proper venue in this Court. Thereafter, TricorBraun filed its verified counterclaims and third-party claims for injunctive relief and damages joining Carl Riekes ("Riekes") and Riekes Packaging Corporation ("RPC") as Third-Party Defendants. On July 12, 2013, this Court entered an Order

setting TricorBraun's Motion for Entry of Temporary Restraining Order for hearing on Wednesday, July 24, 2013, at 9:00 a.m. The Parties reached an Agreed Temporary Restraining Order, which this Court entered on July 24, 2013. As part of that Agreed Temporary Restraining Order, the Parties agreed to mediate their disputes before a full preliminary injunction hearing and dismiss Riekes, individually, without prejudice.

The Parties proceeded to mediation on August 27, 2013. Through mediation, the Parties have reached an agreement and ask the Court to enter a permanent injunction as follows:

1. <u>Confidential Information</u>: Holdridge shall not, in any form or manner, directly or indirectly, disclose, furnish, or make accessible to any person or entity, or use for his own benefit or for the benefit of anyone other than TricorBraun, confidential information concerning TricorBraun, its personnel, its finances, its products, its marketing strategy, its customers, its vendors and suppliers, its prospective customers, its services and its purchase and sales information. Further, Holdridge agrees not to use any TricorBraun information obtained from the thumb drive ("Thumb Drive") which contained information downloaded by Holdridge upon his departure from employment; however, the parties agree that any inadvertent or unintentional use of information from the Thumb Drive, such as the use of family or relative contact information, shall not be deemed a violation of the Injunction.

2. The term "Confidential Information" shall include

    a. Any and all forms of raw or other data, whether or not marked "confidential," derived from any and all sources, including without limitations: meetings; information, correspondence or other analyzed data; computer printouts; computer programs; computer records and other electronic media; flow charts; graphs and graphic materials.

    b. Any and all materials, documents, information, systems, processes and techniques relating to products or services sold by TricorBraun; its computer software or systems; accounting processes and procedures; profit margins; purchase procedures, supplier relationships; market or other research techniques; and any and all materials, documents, information, systems, processes obtained from or on behalf of or at the direction of TricorBraun or any current or prospective customer of TricorBraun.

    c. Any and all information, computer printouts, materials, documents, processes, schematics, compilations or reports relating to the sales history of any current or prospective customer, customer files, pricing structure, rebates, marketing information, customer needs and preferences, customer base or business forms of

TricorBraun.

d. Any and all information, materials and documents relating to TricorBraun's relations, contracts and dealings with its suppliers.

**IT IS SO ORDERED**, this _____ day of _____, 2013.

_____
HONORABLE JUDGE AMOS L. MAZZANT

**AGREED:**

/s/ David F. Winshew
Mark A. Shank
Texas State Bar No. 18090800
mshank@ghjhlaw.com
David F. Winshew
Texas State Bar No. 24052039
dwishnew@ghjhlaw.com
**GRUBER HURST JOHANSEN HAIL SHANK, LLP**
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
(214) 855-6800—Telephone
(214) 855-6807—Facsimile

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT BRENT HOLDRIDGE**

/s/ Tanya M. Maerz
Tanya M. Maerz, MO #63987
Tanya.maerz@huschblackwell.com
**HUSCH BLACKWELL, LLP**
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500—Telephone
(314) 480-1505—Facsimile

-and-

Monica A. Velazquez
Texas State Bar No. 24036132
Monica.velazquez@strasburger.com
**STRASBURGER & PRICE, LLP**
2801 Network Boulevard, Suite 600
Frisco, Texas 75021
(469) 287-3900—Telephone
(469) 287-3999—Facsimile

**ATTORNEYS FOR COUNTER-PLAINTIFF/THIRD-PARTY PLAINTIFF TRICORBRAUN INC.**

/s/ Amanda A. Williams
Denise Cotter Villani
Texas Bar No. 20581828
Denise.villani@ogletreedeakins.com
Amanda A. Williams
Texas Bar No. 24065281
Amanda.williams@ogletreedeakins.com
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500
Dallas, TX 75225
(214) 987-3800—Telephone
(214) 987-3927—Facsimile

**ATTORNEYS FOR THIRD-PARTY DEFENDANT RIEKES PACKAGING CORPORATION**